FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N Y

★ MAR - 7 2011 ★

BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**VICKI PIONTEK**
**951 Allentown Road**
**Lansdale, Pennsylvania 19446-5207,**

    *Plaintiff,*

vs.

**CARDWORKS SERVICING, LLC**
**P.O. Box 9201**
**Old Bethpage, NY 11804**

    **Serve On:**
    **Albert Keifer, Authorized Agent**
    **CardWorks Servicing, LLC**
    **101 Crossways Park West**
    **Woodbury, New York 11797**

and

**John Does 1-10**

and

**XYZ Corporations,**

    *Defendants.*

**CV11 - 1101**

Civl Action No.:_____

BIANCO, J.

BOYLE, M.J.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Now comes the Plaintiff, Vicki Piontek, ("Plaintiff"), by and through her attorney,

E. David Hoskins, and for her Complaint against Defendants, CardWorks Servicing,

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

1

LLC, John Does 1-10, and XYZ Corporations, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (hereinafter "FDCPA").

2.      This action arises out of Defendants' violation of the FDCPA in their illegal efforts to collect a consumer debt.

3.      The Plaintiff alleges that Defendant, CardWorks Servicing, LLC's ("CardWorks") collection practices violate the FDCPA. These collection practices include:

a.      Using robo-call technology to contact consumers and direct consumers to debt collectors that fails to provide meaningful disclosure of the Defendant's identity;

b.      Using robo-call technology to contact consumers and direct consumers to debt collectors that fails to disclose that the call is from a debt collector;

c.      Using a confusing, false, deceptive, harassing or misleading collection letter in connection with the collection of the alleged debt.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive and unfair debt collection practices by may debt collectors, and has determined that abusive debt collections practices contribute to a

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

2

number of personal bankruptcies, marital instability, loss of jobs, invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

5. The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6. The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Second Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

3

protection of experts, but for the public -- that vast multitude of which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* The least sophisticated consumer standard serves a duel purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d at 1318.

7.    To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among the *per se* violations are the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. §1692d(6).

8.    To prohibit deceptive practices by debt collectors, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection activities and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16). Among the *per se* violations prohibited by that section are: sending collection notices that make false, deceptive, or misleading

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

4

representations or statements in connection with the collection of consumer debt, in violation of 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. §1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. §1692e(11).

9.      To prohibit deceptive practices by debt collectors, the FDCPA, at 15 U.S.C. §1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

## JURISDICTION AND VENUE

10.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction over the federal claims contained herein.

11.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

12.     Venues lies properly in this district pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to the claim occurred within this District.

## PARTIES

13.     Plaintiff is an individual who was at all relevant times residing in

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

Pennsylvania.

14.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

15.     On information and belief, Defendant, CardWorks Serving, LLC ("CardWorks") is a for-profit limited liability company organized and existing pursuant to the laws of the State of Delaware, and maintaining its principal business address at 101 Crossways Park West, Woodbury, Nassau County, New York 11797.

16.     At all relevant times, CardWorks acted as a "debt collector" within the meaning of 15 U.S.C. §1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

17.     That upon information and belief, the Defendant CardWorks regularly attempts to collect debts alleged to be due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

18.     The acts of CardWorks alleged herein were performed by its employees acting within the scope of their actual or apparent authority.

19.     All references to "Defendant" or "CardWorks" shall mean the Defendant or an employee of said Defendant.

20.     John Does 1-10, are individuals or business entities whose identities are not known to Plaintiff at this time, but will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

6

acts described in this complaint.

21.     X,Y, Z Corporations, are business identities whose identities are not known to Plaintiff at this time, but will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Subject Debt**

22.     The Plaintiff allegedly incurred and later allegedly defaulted on a debt to the Merrick Bank. Said alleged debt will hereinafter be referred to as "the subject debt."

23.     The Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.     That upon information and belief, the subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), as it allegedly arose out of a transaction in which, money, service or property, that was the subject of the transaction, was primarily for personal, family and/or household purposes.

25.     CardWorks contends that the obligation to pay the subject debt is in default.

26.     That upon information and belief, Defendant CardWorks was employed by Merrick Bank to collect the subject debt and began making telephone calls to the Plaintiff shortly thereafter.

27.     CardWorks attempted to collect the subject debt and, as such engaged in

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

7

"communications" as defined in 15 U.S.C. § 1692a(2).

**B.    CardWorks Engages in Harassment and Abusive and Deceptive Tactics**

28.    Within the applicable statute of limitations prior to the commencement of this action, Defendant initiated a telephone call to Plaintiff using robo-call technology with a "pre-recorded" telephonic voice directing her to do the following:

> . . . to a representative; *music playing for several seconds*; please continue to hold; please hold while we connect you to a representative; *music playing for several seconds*; *phone ringing sound 5 rings*; *recorded message* -- Sorry I am away from my desk right now. Please leave a brief message with your name number and I will shortly return your call. . . .

29.    At the time the Plaintiff received this telephone call, she did not know the identity of the caller.

30.    The telephone call described above is a "communication" as defined by 15 U.S.C. § 1692a(2) and was initiated by a person employed as a debt collector by CardWorks in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

31.    The telephone call described above failed to identify CardWorks by its company name as the caller.

32.    The telephone call described above failed to disclose that the communication was from a debt collector.

33.    The telephone call described above failed to provide meaningful

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

8

identification of Cardwork's identity as the caller.

34.    The only way for the Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller, and to ascertain the purpose of the call, was to follow the directions provided and then be connected with a debt collector employed by CardWorks, and then provide that debt collector with personal information or to leave message for the debt collector and await a callback.

35.    CardWorks intended that the robo-call would have the effect of causing Plaintiff and least sophisticated consumers to wait to be connected with its bill collector as the sole means of obtaining the identity of the caller and to ascertain the purpose underlying the call.

36.    Scores of federal court decisions -- including decisions from the 11th Circuit Court of Appeals and all of the District Courts within the State of New York -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic communications that the call is from a debt collector. *See Edwards v. Niagara Credit Solutions, Inc.* (11th Cir. 2009).

37.    At all times relevant to this action, CardWorks was aware of the substantial weight of legal authority requiring it to disclose in its telephone communications to the Plaintiff that the call is from a debt collector.

38.    Scores of federal court decisions -- including decisions from the 11th Circuit Court of Appeals and all of the District Courts within the State of New York --

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

9

uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic communications by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call. *See Edwards v. Niagara Credit Solutions, Inc.* (11th Cir. 2009); 15 U.S.C. § 1692e(11).

39.    At all times relevant to this action, CardWorks was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic communications by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

40.    At all times relevant to this action, CardWorks willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in communications by accurately stating its company name and stating the nature and/or purpose of the call.

41.    CardWorks act of using the robo-call described above is conduct, the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

42.    CardWorks act of using the robo-call described above constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is a violation of the FDCPA.

43.    The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of the call and state that CardWorks is a debt collector in a manner

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

10

understandable to the least sophisticated consumer, CardWorks has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

44. On April 9, 2010, CardWorks sent the Plaintiff a communication in connection with a consumer debt allegedly due Merrick Bank. *See* **Exhibit 1** (redacted per Fed. R. Civ. Proc. 5.2).

45. Cardwork's April 9, 2010, letter did not clearly identify the original account number, but instead referenced a different account number, the last four digits of which are 8271.

46. Cardwork's April 9, 2010, letter was misleading, as Plaintiff could not determine from its composition the name of the account that was in question.

47. Cardwork's April 9, 2010, letter contained an offer to participate in the "Cardworks Servicing Settlement Program" and choose one of two payment option offers. The letter further states that "as long as you are enrolled in the Extended Settlement Program, CardWorks Servicing will cease collection activity on this account." This requirement to enter into a payment program in order for the Plaintiff to stop the harassment overshadows Plaintiff's right to dispute the debt and/or request verification of the subject debt.

48. In that letter, CardWorks states:

**IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW**

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

11

**FEDERAL NOTICE:**

\*      \*      \*

Please be advised that the Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred dollars ($600) or more. If the settlement program described above includes the cancellation or forgiveness of debt of $600 or more, IRS Form 1099C will be provided to you in January after all payments have been made, detailing the debt that Merrick Bank has forgiven and the amount that will be reported to the IRS. You may want to contact your tax advisor if you have any questions regarding tax implications.

49.     The statement that "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more" is false and misleading.

50.     Section 1.6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an "identifiable event" described in paragraph (b)(2) of that section.

51.     There are also seven exceptions to the reporting requirement set forth in Section 6050P.

52.     Here, there is no basis to conclude that an identifying event has or will occur requiring Merrick Bank to file a Form 1099C or that an exception would not apply.

53.     Section 1.6050P-1(b)(2)(F) states that an identifiable event exists where the creditor and debtor agree to discharge the indebtedness for less than full consideration. To establish consideration, there must be a performance or a return promise that has been bargained for by the parties. Restatement (Second) Contracts § 71(1) (1981). In this case,

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

12

Merrick Bank offered to credit the Plaintiff's account certain amounts if the Plaintiff agreed to participate in the "CardWorks Servicing Settlement Program." If the Plaintiff accepted this settlement offer, her payments pursuant to the CardWorks Servicing Settlement Program would constitute full consideration for the Merrick Bank's promise. For this reason, any cancellation or forgiveness of the subject debt would not constitute an identifiable event under §1.6050P-1(b)(2) of the Income Tax Regulations. *See Internal Revenue Service Letter Number 200131027*, attached as **Exhibit 2**.

54.     At all times relevant to this action, CardWorks was aware of, or should have been aware of the Internal Revenue Service letter attached as **Exhibit 2.**

55.     The gratuitous reference in a collection letter that a creditor is required to provide information on the consumer to the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt in full or seeking to negotiate a settlement with a cancellation of the indebtedness in excess of $600.00.

56.     CardWorks' April 9, 2010, communication to the Plaintiff constitutes the use of a confusing, false, deceptive, harassing or misleading representation or means in connection with the collection of any debt and is a violation of the FDCPA.

57.     CardWorks does not have procedures in place to avoid the aforementioned violations.

**C.     Plaintiff Suffered Actual Damages**

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

13

58.    As a result of CardWorks' acts, Plaintiff became angered, distressed, frustrated, and otherwise suffered from emotional distress.

59.    As a direct consequence of the CardWorks' acts, practices and conduct, the Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

## COUNT I
### Violation of Fair Debt Collection Practices Act
### 15 USC 1692, *et. seq.*

60.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

61.    In its attempts to collect the subject debt, CardWorks violated the FDCPA by engaging in conduct by using robo-calls the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of consumer debt, in violation of 15 U.S.C. § 1692d.

62.    In its attempts to collect the subject debt, CardWorks violated the FDCPA by placing telephone calls without providing meaningful disclosure of CardWorks' identity as the caller in violation of 15 U.S.C. § 1692d(6).

63.    In its attempts to collect the subject debt, CardWorks violated the FDCPA by placing telephone calls that fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6).

64.    In its attempts to collect the subject debt, CardWorks violated the FDCPA by placing telephone calls that failed to immediately disclose that CardWorks is

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

attempting to collect a debt and that any information will be used for that purpose in violation of 15 U.S.C. § 1692e(11).

66. In its attempts to collect the subject debt, CardWorks violated the FDCPA by placing telephone calls that failed to immediately disclose that the call was from CardWorks and that CardWorks is a debt collector in violation of 15 U.S.C. § 1692e(11).

66. In its attempts to collect the subject debt, CardWorks violated the FDCPA by sending a collection notice to Plaintiff that makes false, deceptive, or misleading representations or statements in connection with the collection of consumer debt, in violation of 15 U.S.C. § 1692e. Among other things, the collection notice states circumstances of the issuance of a 1099C form that are deceptive and misleading in violation of 15 U.S.C. § 1692e(10).

67. In its attempts to collect the subject debt, CardWorks violated the FDCPA by engaging in false representation and deceptive means to collect a consumer debt, in violation of 15 U.S.C. § 1692e(10).

68. In its attempts to collect the subject debt, CardWorks violated the FDCPA by using unfair or unconscionable means to collect a consumer debt, in violation of 15 U.S.C. § 1692f.

69. In its attempts to collect the subject debt, CardWorks violated the FDCPA by acting in an otherwise deceptive, unfair and unconscionable manner.

70. As a direct consequence of the Defendant's acts, practices and conduct, the

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

15

Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

**COUNT II**
**Violations of New York GBL §349**
**Engaging in Unlawful Deceptive Practices and Acts**

71.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

72.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

73.     The Defendant willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

74.     The Plaintiff is a person who has been injured by reason of a violation of NY GBL § 349 and has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, emotional distress, anger and frustration caused by the Defendants.

75.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorney's fees.

WHEREFORE, Plaintiff, Vicki Piontek, respectfully prays for a judgment against Defendant as follows:

a.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

16

c.      Statutory damages of $50.00 and actual damages, both trebled, pursuant to NY GBL § 349(h).

d.      Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and NY GBL § 349(h);

e.      Punitive damages in such amount as is found appropriate, and

f.      For such other and further relief as may be just and proper.

### JURY DEMAND

Pursuant to Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Dated: March 3, 2011                    Respectfully Submitted,


E. David Hoskins, Esq.
Attorney ID # EH2235
LAW OFFICES OF E. DAVID HOSKINS, LLC
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210

and

90 State Street, Suite 700
Albany, New York 12207
(518) 935-2672
*dhoskins@hoskinslaw.com*

# Exhibit

# 1

CARDWORKS SERVICING, LLC
P.O. BOX 9201
OLD BETHPAGE, NY 11804

April 9, 2010

RE: ████████8271

Creditor – Merrick Bank

IııIIIıııIıIıIıIIıııIıııIıIIIııIııIıIıııIIIIıI

Vicki A Piontek
951 Allentown Rd
Lansdale, PA  19446-5207

Dear Vicki A Piontek,

Please be aware that our company, CardWorks Servicing, LLC, has been hired to collect the above referenced debt. This letter is to offer you participation in the CardWorks Servicing Settlement Program. You may settle the above referenced account by choosing either the Lump Sum or Extended offers described below. Please understand we are not obligated to renew this offer. Our client may report information about your account to credit bureaus, late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Lump Sum (1 payment)
We will consider the above-referenced account settled, in full, if you make a one-time payment of $998.06 (which equals 60.0% of the outstanding balance of $1,663.43) prior to the expiration date at the bottom of this letter.

Extended offer (pay over time)
We will consider the above-referenced account settled, in full, if you make payments as follows:
 • Remit your first payment in the amount of $36.97 within 35 days of this letter.
 • Continue to make monthly payments in the amount of $36.97.
 • Payments must be made every 30 days for 36 months.
 • Failure to make the agreed upon monthly payments will void this offer, and the current balance will be owed in full.

As long as you are enrolled in the Extended Settlement Program, CardWorks Servicing will cease collection activity on this account. If payments are not made on or before the dates identified above, CardWorks Servicing will resume its attempts to collect the full balance owed and the payment arrangement described in this offer will no longer be honored. After your settlement is complete, Merrick Bank will forgive any remaining balance and report to the credit bureau agencies that this account has been settled.

We have now created three convenient ways for you to settle your debt:
 • Visit us at www.solvethatdebt.com and enter your response code (0020-1004-0701-6703)
 • Call into our call center at 1-877-487-5583 and make your payment over the phone
 • Mail your payment with the voucher below

If you have any questions including the origination of this debt, please contact our office today, toll-free, at 1-877-487-5583.  Hours of operation are Monday-Wednesday and Friday 8:00 AM to 9:00 PM EST, Thursday 12:30 PM-9:00 PM EST, and Saturday 8:00 AM – 4:30PM EST.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
CardWorks Servicing, LLC
225 W. Station Square Dr.
Pittsburgh, PA 15219

**IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW FEDERAL NOTICE:**
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please be advised that the Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred dollars ($600) or more. If the settlement program described above includes the cancellation or forgiveness of debt of $600 or more, IRS Form 1099C will be provided to you in January after all payments have been made, detailing the debt that Merrick Bank has forgiven and the amount that will be reported to the IRS. You may want to contact your tax advisor if you have any questions regarding tax implications

CW-PBL 12837

# Exhibit

# 2

**Internal Revenue Service**                                Department of the Treasury

Number:  **200131027**                      Washington, DC 20224
Release Date:  8/3/2001
Index Number:  6050P.00-00
                                            Person to Contact:

                                            Telephone Number:

                                            Refer Reply To:
                                            CC:PA:APJP:B01/PLR-106131-01
                                            Date:
                                            May 9, 2001


                        Re:
Legend

Bank            =
Parent          =
Purchaser 1     =
Purchaser 2     =
Program         =
Date 1          =
Year 1          =
$               =
Dear

This letter responds to the letter dated January 26, 2001, submitted on behalf of the Bank, requesting the following ruling:

        (1) the cancellation of a cardholder's obligation to pay the            balance pursuant to the occurrence of

                                            under the Program does not constitute an event subject to information return reporting under section 6050P of the Internal Revenue Code.

### Facts

Based upon the facts submitted and the representations made, Bank , Purchaser 1 and Purchaser 2 are subsidiaries of Parent.  Chartered on Date 1, Bank makes loans to holders of credit cards issued by the Bank to purchase goods and services.  Bank's fiscal year ends on                                The Bank uses the accrual method of accounting.

Purchaser 1 purchases certain receivables from the Bank at their face value and resells them to Purchaser 2, a "bankruptcy remote entity," at the same price.  Purchaser 2 transfers the customer receivables to a trust in exchange for a transferor certificate, and sells a small percentage of that interest to the Bank, which receives a participation certificate.  Purchaser 2 has secured a portion of its interest in the trust in both public and private transactions that are treated as sales for financial reporting purposes and

CC:PA:APJP:B01/PLR-106131-01

as loans for federal income tax purposes. The interests in the public transactions are freely transferable while the interest in the private transaction is not.

During Year 1, the Bank began offering cardholders the Program. A cardholder joins the Program by entering into a contractual agreement with the Bank. According to the terms of the Program, the cardholder pays a fee at a rate of $. In exchange for the fee, the Bank agrees to cancel all or a portion of the cardholder's account balance where the cardholder experiences

The Bank adds the fee to the

cardholder's monthly account balance.

Upon the occurrence of one of the above stated events, the cardholder must file a claim within      days.

## Law and Analysis

Section 6050P of the Internal Revenue Code requires that an applicable entity report any discharges (in whole or in part) of indebtedness of any person in excess of $600. In addition, § 1.6050P-1(b)(2) of the Income Tax Regulations provides that a discharge of indebtedness occurs if one of the following identifiable events takes place:

   (A) A discharge of indebtedness under title 11 of the United States Code (bankruptcy);

   (B) A cancellation or extinguishment of an indebtedness that renders a debt unenforceable in a receivership, foreclosure, or similar proceeding in a federal or state court, as described in section 368(a)(3)(A)(ii) (other than a discharge described in paragraph (b)(2)(i)(A) of this section);

   (C) A cancellation or extinguishment of an indebtedness upon the expiration of the statute of limitations for collection of an indebtedness, subject to the limitations described in paragraph (b)(2)(ii) of this section, or

3

CC:PA:APJP:B01/PLR-106131-01

upon the expiration of a statutory period for filing a claim or commencing a deficiency judgment proceeding;

(D) A cancellation or extinguishment of an indebtedness pursuant to an election of foreclosure remedies by a creditor that statutorily extinguishes or bars the creditor's right to pursue collection of the indebtedness;

(E) A cancellation or extinguishment of an indebtedness that renders a debt unenforceable pursuant to a probate or similar proceeding;

(F) A discharge of indebtedness pursuant to an agreement between an applicable financial entity and a debtor to discharge indebtedness at less than full consideration;

(G) A discharge of indebtedness pursuant to a decision by the creditor, or the application of a defined policy of the creditor, to discontinue collection activity and discharge debt; or

(H) The expiration of the non-payment testing period, as described in paragraph (b)(2)(iv) of this section.

Out of the above identifiable events, two events contain language that may apply to the current situation.

First, §1.6050P-1(b)(2)(F) states that an identifiable event exists where the creditor and debtor agree to discharge the indebtedness for less than full consideration. To establish consideration, there must be a performance or a return promise which has been bargained for by the parties. Restatement (Second) Contracts § 71(1) (1981). In this case, the Bank offers to credit the cardholder's account at the occurrence of

                if the cardholder pays a monthly fee in the amount of $. The cardholder accepts the offer and pays the monthly fee. The payment of the fee constitutes full consideration for the Bank's promise. Therefore, § 1.6050P-1(b)(2)(F) of the Income Tax Regulations does not apply.

Second, § 1.6050P-1(b)(2)(G) holds that a discharge of indebtedness exists where a creditor discontinues collection activity pursuant to a decision by the creditor or a defined policy of the creditor. According to § 1.6050P-1(b)(2)(iii), a creditor's defined policy includes both a written policy and the creditor's established business practice. However, in this case, neither a decision nor a policy triggers the cancellation of indebtedness. The contractual agreement triggers the cancellation. The agreement requires the Bank to cancel the cardholder's account balance upon the occurrence of

                Thus, § 1.6050P-1(b)(2)(G) of the Income Tax Regulations does not apply.

4

CC:PA:APJP:B01/PLR-106131-01

### Conclusion

Based solely on the information provided and the representations made, we therefore conclude that the cancellation of a cardholder's obligation to pay the account balance pursuant to the occurrence of
under the Program does not constitute an identifiable event under § 1.6050P-1(b)(2) of the Income Tax Regulations.  As a result, the Bank is not subject to information return reporting under section 6050P of the Internal Revenue Code.

This ruling is based on the facts presented and the applicable law in effect on the date of this letter.  If there is a change in material fact or law (local or federal) before the transactions considered in this ruling take effect, the ruling will have no force or effect.

Except as specifically ruled herein, no opinion is expressed as to the federal tax treatment of any issue addressed in this ruling under other provisions of the Internal Revenue Code and Regulations that may be applicable.

Pursuant to the power of attorney on file in this office, the original of this letter is being sent to you as the Bank's authorized representative.

This ruling is directed only to the taxpayer(s) requesting it.  Section 6110(k)(3) of the Code provides that it may not be used or cited as precedent.

Sincerely,
PAMELA W. FULLER
Senior Technician Reviewer, Branch 1
Office of the Assistant Chief Counsel
(Administrative Provisions and
Judicial Practice)

Enclosures (2):

Copy of this letter
Copy for section 6110 purposes

cc: